*Tagged Opinion*



**ORDERED in the Southern District of Florida on August 22, 2022.**

Laurel M. Isicoff
Chief United States Bankruptcy Judge

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
**Miami Division**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | Chapter 11 |
| | |
| FF FUND I, L.P., | Case No. 19-22744-BKC-LMI |
| F5 BUSINESS INVESTMENT PARTNERS, LLC, | Case No. 20-10996-BKC-LMI |
| | |
| Debtors. | (Jointly Administered Under Case No. 19-22744-BKC-LMI) |

_____/

SONEET R. KAPILA not individually but
as Liquidating Trustee of the FF FUND
LIQUIDATING TRUST,

      Plaintiff,

v.                                      ADV. NO.  22-01017-LMI

F1 GENERAL TRADING PARTNERS, L.P.,
a Delaware Limited Partnership,
F3 REAL ESTATE PARTNERS, LLC, a
Florida Limited Liability Company,
F7 GROUP OPERATING PARTNERS, LLC,
a Florida Limited Liability Company,
FF FUND MANAGEMENT, LLC,
a Florida Limited Liability Company,
FF TRADING MANAGEMENT, LLC,
a Delaware Limited Liability Company,

**FF RESERVE ACCOUNT, LLC f/k/a**
**FARRELL FRANZONE RESERVE ACCOUNT, LLC,**
**a Delaware Limited Liability Company,**
**ANDREW T FRANZONE, LLC,**
**a New York Limited Liability Company,**

      **Defendants.**
_____/

### ORDER GRANTING IN PART DEFENDANTS' MOTION FOR
### STAY OF ADVERSARY PROCEEDING

This matter came before the Court on July 7, 2022 at 1:30 p.m. (the "Hearing") upon the

*Motion for Stay of Adversary Proceeding and Brief in Support Thereof* (ECF #22) (the "Motion

to Stay") filed by Defendants F1 GENERAL TRADING PARTNERS, L.P. ("F1 General"), FF

FUND MANAGEMENT, LLC ("FF Fund Management"), FF TRADING MANAGEMENT, LLC

("FF Trading"), FF RESERVE ACCOUNT, LLC f/k/a FARRELL FRANZONE RESERVE

ACCOUNT, LLC ("FF Reserve"), and ANDREW T FRANZONE, LLC ("ATF") (F1 General,

FF Fund Management, FF Trading, FF Reserve and ATF are collectively referred to herein as the

"Moving Defendants"), the Response in Opposition filed by SONEET R. KAPILA, as Liquidating

Trustee (the "Trustee" or "Plaintiff") of the FF FUND LIQUIDATING TRUST (the "FF Fund

Liquidating Trust") as successor to FF FUND I, L.P. (the "FF Fund Debtor") (ECF #26) (the

"Response"), and the Moving Defendants' Reply (ECF #29) (the "Reply"). After considering the

Motion to Stay, the Response, the Reply, the record in this Adversary Proceeding and the Debtors'

Chapter 11 proceedings, and the arguments and representations of counsel during the Hearing, the

Court makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the

Federal Rules of Bankruptcy Procedure.[1]

---

[1] Where appropriate, findings of fact shall constitute conclusions of law and conclusions of law shall constitute findings of fact. *See In re American Family Enterprises*, 256 B.R. 377, 385 n.2 (Bankr. D. N.J. 2000); *In re Antar*, 122 B.R. 788, 789 (Bankr. S.D. Fla. 1990).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On September 24, 2019 (the "Petition Date"), the FF Fund Debtor filed a voluntary petition for reorganization (the "FF Fund Bankruptcy Case") under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court"). On January 24, 2020, F5 Business Investments Partners, LLC (the "F5 Debtor") filed a voluntary petition for reorganization (the "F5 Bankruptcy Case") under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court (the FF Fund Bankruptcy Case and the F5 Bankruptcy Case are collectively referred to herein as the "Bankruptcy Cases").

Plans were confirmed in both Bankruptcy Cases. Pursuant to the terms of the Second Amended Plans[2] and the Confirmation Order[3], the Trustee has been vested with the right to investigate, commence and/or prosecute any and all claims and causes of action that exist or may exist in favor of the FF Fund Debtor and the F5 Debtor, the Liquidating Trusts[4] and their respective bankruptcy estates against any person or entity under any applicable state law, federal law and/or bankruptcy law, whether statutory and/or common law, including, without limitation, to recover transfers of monies or property under Chapter 5 of the Bankruptcy Code.

On April 22, 2021, Mr. Franzone was arrested. He was then indicted on July 8, 2021 in the U.S. District Court for the Southern District of New York in *United States v. Andrew Franzone*, 21 CR 446 (VSB) (the "Criminal Action"). The Indictment charges Mr. Franzone with committing

---

[2] On May 18, 2021, the Debtors filed (i) a *Second Amended Chapter 11 Plan of Reorganization Proposed by FF Fund I, L.P.* (Main Case ECF #468), and (ii) a *Second Amended Chapter 11 Plan of Reorganization Proposed by F5 Business Investment Partners, LLC* (Main Case ECF #469) (collectively, the "Second Amended Plans").

[3] On June 4, 2021, the Bankruptcy Court entered its Order Confirming the Second Amended Plans (Main Case ECF #494) (the "Confirmation Order").

[4] Pursuant to the Second Amended Plans and the Confirmation Order (i) the FF Fund Liquidating Trust and the F5 Liquidating Trust were created and all property of the respective bankruptcy estates of the FF Fund Debtor and the F5 Debtor was transferred to the FF Fund Liquidating Trust and the F5 Liquidating Trust respectively (collectively, the "Liquidating Trusts"), and (ii) the Trustee was appointed as the liquidating trustee for each of the Liquidating Trusts.

Wire Fraud and Securities Fraud in connection with the FF Fund Debtor. Mr. Franzone is the only defendant in the Criminal Action.  No trial date has been set yet in the Criminal Action. Mr. Franzone is not a defendant in this Adversary Proceeding.

On January 24, 2022, the Plaintiff filed the Complaint (ECF #1) commencing this adversary proceeding (the "Adversary Proceeding") seeking recovery of numerous initial and subsequent transfers from the FF Fund Debtor to the Defendants, including the Moving Defendants. Schedules of the transfers are referenced on the various exhibits to the Complaint (collectively, the "Adversary Transfers"). The Moving Defendants are each wholly owned, either directly by Mr. Franzone or by an entity wholly owned and controlled by Mr. Franzone.[5]

On May 24, 2022, the Moving Defendants filed the Motion to Stay, requesting a stay of this Adversary Proceeding pending resolution of the criminal charges against Mr. Franzone in the Criminal Action.  As grounds for their request, the Moving Defendants argue that allowing the Plaintiff to prosecute his claims  will require Mr. Franzone, the sole individual behind each of the Moving Defendants[6], to invoke his rights against self-incrimination guaranteed to him by the Fifth Amendment to the United States Constitution, thereby almost certainly causing a ruling adverse to the Moving Defendants.

## ANALYSIS

The Court has the ability to enter a stay pending the outcome of a concurrent criminal proceeding. *See United States v. Lot 5, Fox Grove, Alachua Cnty., Fla.*, 23 F.3d 359 (11th Cir. 1994).  Such a decision rests solely in the Court's discretion and is granted only in very limited circumstances, and with great reluctance. *See In re MMH Auto. Grp., LLC*, 346 B.R. 229, 231

---

[5] F1 General is a limited partnership whose general partner is FF Trading. FF Fund Management is the general partner of the FF Fund Debtor.  Mr. Franzone is the sole owner of FF Fund Management.  ATF is the sole owner of FF Trading and FF Reserve. Mr. Franzone is the sole owner of ATF.

[6] With the exception of F1 General, each of the Moving Defendants is a single member entity, owned directly or indirectly by Mr. Franzone, with no other officers or employees.

4

(Bankr. S.D. Fla. 2006). "[A] court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interests of justice.'" *Lot 5,* 23 F.3d 359 at 364. A court must consider whether, "as a result of invoking the [Fifth Amendment] privilege, the defendant faces certain loss of the civil proceeding on summary judgment if the civil proceeding were to continue." *Investments v. Rothstein*, 2011 WL 2530945 at *1 (S.D. Fla. 2011) (internal citations omitted). "[S]trict invocation of the Fifth Amendment privilege is not a necessary condition for granting a stay; the Court *must* grant a stay if such loss is present but *may* grant one even when the loss is not actively present." *Young v. Miami-Dade County*, 217 F. Supp. 3d 1353, 1355 (S.D. Fla. 2016) (emphasis in original). "In assessing whether a stay is appropriate, the Court must weigh competing interests and maintain an even balance." *Id.* (internal citations and quotations omitted).

The factors relevant to be considered in determining whether "special circumstances" exist include:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Rothstein*, 2011 WL 2530945 at * 1 (internal citations omitted).

### (i)    *Overlap of this Adversary Proceeding and the Criminal Action*

The issues in the Criminal Action significantly overlap with the issues presented in this Adversary Proceeding. The Criminal Action charges Mr. Franzone with committing fraud while running the FF Fund Debtor, including but not limited to by defrauding investors as to the worth of the FF Fund Debtor's investments and by misusing funds for his own personal gain. Similarly, the Complaint alleges that the FF Fund Debtor—at a time when it was operated exclusively by Mr. Franzone—defrauded its creditors and limited partners, including but not limited to by defrauding

investors as to the worth of FF Fund Debtor's investments. The Complaint also alleges that the FF Fund Debtor misused funds for Mr. Franzone's personal gain by transferring funds from the FF Fund Debtor to and among other entities controlled and owned by Mr. Franzone. This factor thus weighs in favor of granting a stay.

(ii)    <b><i>Private Interests of and Burden on the Moving Defendants</i></b>

Moving Defendants assert that without Mr. Franzone's testimony, Plaintiff would be able to establish on a motion for summary judgment each and every element of each of the causes of action, including but not limited to: that the FF Fund Debtor was undercapitalized; that the transfers were made; that the Moving Defendants are all insiders, and even whether the FF Fund Debtor received reasonably equivalent value for the transfers.

Although both sides have access to voluminous documentation, neither party alleges that there is documentary evidence that would refute Plaintiff's allegation that the FF Fund Debtor did not receive reasonably equivalent value for the transfers. Plaintiff argues, nonetheless, that the Moving Defendants can adequately defend through the use of expert testimony. While the Plaintiff has the burden of proving the allegations in his Complaint, the Moving Defendants have established that they cannot present their defense through expert testimony, or other evidence, without exposing Mr. Franzone to the risk of incrimination. In the absence of documentary evidence refuting Plaintiff's allegation, evidence that the FF Fund Debtor (run by Mr. Franzone) received reasonably equivalent value for each of the transfers must come directly from Mr. Franzone—the only individual who would have knowledge of the alleged value provided to the FF Fund Debtor.

Likewise, evidence that Mr. Franzone did not engage in fraud, and that the transferees, through Mr. Franzone, accepted the transfers in good faith, must come through Mr. Franzone, who

6

has personal knowledge of the issues, and who is the only corporate representative that the Moving Defendants have.

Under these circumstances, any expert witness would only be able to testify as to any statements that Mr. Franzone would have to make. Evidence of any statements made by Mr. Franzone would then be admissible against him in the Criminal Action as admissions.

Plaintiff correctly argues that Mr. Franzone is the only defendant in the Criminal Action and that the Moving Defendants do not have a Fifth Amendment privilege as a matter of law. The Plaintiff relies on this Court's opinion in *MMH Auto*, in which the Court held that a pending criminal proceeding against a corporate representative is not necessarily a bar to suing the corporation; a corporate entity can elect to designate another representative. *MMH Auto*, 346 B.R. at 232. However, in this case, the Moving Defendants argue that Mr. Franzone is the sole "person in charge" of the Moving Defendants and that no replacement is available.

Plaintiff argues that Mr. Franzone's entities could create a new corporate representative by hiring one. However, even if that were the case, the sole source of information that the corporate representative would need to testify and litigate on behalf of the Moving Defendants is Mr. Franzone. Thus the proposed resolution is circular.

Neither an expert witness nor a  hired representative would have any  knowledge  of the transferors' intent; whether Mr. Franzone, through the entities, fraudulently transferred the funds or fraudulently concealed the transfers; or whether Mr. Franzone, through the transferees, accepted the transfers in good faith. Such  expert witness or alternate corporate representative  would only be able to testify as to what Mr. Franzone told them.

Because the Court finds that hiring an expert witness or alternative corporate representative would not avoid certain loss to the Moving Defendants, the Court finds that the interests of, and burden on, the Moving Defendants weigh in favor of a stay.

       ***(iii)***     ***Prejudice to the Plaintiff and the Interests of the Courts and the Public's Interest***

The Plaintiff argues he will be prejudiced by a stay because  (1) there is no set trial date in the Criminal Action and therefore a stay in this case could potentially be indefinite; and (2) it is necessary to continue the instant proceeding in order to pursue additional subsequent transferees, because the statute of limitations has otherwise expired and the Trustee no longer can bring independent actions against the subsequent transferees..

The Court finds that the interests of the courts, the public's interest, and the concern about a potential indefinitely long stay are adequately addressed by setting a finite limit on the latest date that the stay will expire. Counsel for the Moving Defendants believes that  the Criminal Action's trial will be scheduled for on or about late 2022 and has therefore agreed that the Moving Defendants are requesting that the stay <u>will</u> automatically expire after **180 days**, or the conclusion of the Criminal Action in the Southern District of New York, whichever is *earlier*. Regarding the Plaintiff's concerns about pursuing subsequent transferees,  the Court finds that this concern is adequately addressed by allowing third party discovery[7] to proceed in this case despite a stay.

Therefore, in balancing the various interests and factors, the Court is satisfied that special circumstances exist warranting a limited stay  of this Adversary Proceeding in the interests of justice.   Accordingly, it is

ORDERED as follows:

1. The Moving Defendants' Motion for Stay is GRANTED in part. The Adversary Proceeding shall be stayed except as otherwise provided in this Order, for **180 days** from the entry of

---

[7] That is, discovery with respect to parties who do not rely on Mr. Franzone as the source of their information or knowledge.

this Order, or until there is a disposition in the Southern District of New York in Mr. Franzone's Criminal Action, whichever is earlier.

2. Notwithstanding the foregoing, the Plaintiff may initiate or continue third party discovery of those parties whose responses do not require testimony or document production by Mr. Franzone.

3. If a disposition is reached in the Criminal Action within the 180 day period, Attorney Joseph R. Corozzo shall file a letter within two business days of the disposition informing the Court and Plaintiff.

4. Disposition of the Criminal Action means, for purposes of this Order, one of the following, regardless of whether Mr. Franzone has filed a Notice of Appeal in the Criminal Action: (a) dismissal of all charges, (b) an acquittal on all counts, or (c) sentencing.

5. The parties shall confer and submit an amended proposed Joint Agreed Order Setting Filing and Disclosure Requirements for Pretrial and Trial within 14 days of the lifting of the stay.

###

**Copy to:**
Joseph R. Corozzo, Esq.

*Attorney Corozzo is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF, and file a proof of such service within two (2) business days from entry of the Order.*