**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| FF FUND I, L.P., | Case No. 19-22744-BKC-LMI |
| F5 BUSINESS INVESTMENT PARTNERS, LLC, | Case No. 20-10996-BKC-LMI |
| Debtors. | *Jointly Administered Under* Case No. 19-22744-BKC-LMI |
| _____/ | |
| SONEET R. KAPILA not individually but as Liquidating Trustee of the FF FUND LIQUIDATING TRUST, | ADV. No. 22-1017-BKC-LMI |
| Plaintiff, | |
| v. | |
| F1 GENERAL TRADING PARTNERS, L.P., *et al.*, | |
| Defendants. | |
| _____/ | |

## LIQUIDATING TRUSTEE'S MOTION TO DISMISS ADVERSARY COMPLAINT WITH PREJUDICE AND FOR RELATED RELIEF

Plaintiff, Soneet R. Kapila (the "Liquidating Trustee" or "Plaintiff"), in his capacity as Liquidating Trustee of the FF Fund Liquidating Trust and the F5 Liquidating Trust (collectively, the "Liquidating Trusts"), as successors respectively to FF Fund I, L.P. (the "FF Fund Debtor") and F5 Business Investment Partners, LLC (the "F5 Debtor") (the FF Fund Debtor and the F5 Debtor collectively the "Debtors"), by and through undersigned counsel, files this *Motion to Dismiss Adversary Complaint With Prejudice and for Related Relief* (this "Motion") pursuant to Fed. R. Civ. P. 41(a)(2), made applicable in bankruptcy proceedings by Fed.R.Bankr. P. 7041. In support of this Motion, the Liquidating Trustee respectfully states as follows:

1

I.  **BACKGROUND**

1.  On September 24, 2019 (the "FF Fund Petition Date"), the FF Fund Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida, Miami Division (the "Bankruptcy Court") under Case No. 19-22744-LMI (the "FF Fund Case").

2.  On January 24, 2020 (the "F5 Petition Date"), the F5 Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Court under Case No. 20-10996-LMI (the "F5 Case"). The FF Fund Case and the F5 Case are being jointly administered pursuant to Order of the Bankruptcy Court under the FF Fund Case (the "Bankruptcy Cases") entered on February 4, 202 [ECF No. 98].

3.  On May 18, 2021, the Debtors prepared and filed their (i) *Second Amended Chapter 11 Plan of Reorganization Proposed by FF Fund I, L.P.* [ECF No. 468] (the "Second FF Fund Plan"), and (ii) *Second Amended Chapter 11 Plan of Reorganization Proposed by F5 Business Investment Partners, LLC* [ECF No. 469] (the "Second F5 Plan") (collectively, the "Second Amended Plans").[1] Pursuant to the Second Amended Plans, the Debtors sought confirmation under the Liquidating Trust Alternative.

4.  On June 4, 2021, the Court entered an *Order Confirming Debtors' Second Amended Plans of Reorganization Dated May 18, 2021* [ECF No. 494] (the "Confirmation Order"), which Confirmation Order implemented the Liquidating Trust Alternative. The Effective Date for each of the Second Amended Plans was June 14, 2021 [ECF No. 502] (the "Effective Date").

5.  Pursuant to the Second Amended Plans and the Confirmation Order, (i) the FF Fund Liquidating Trust and the F5 Liquidating Trust were created and all property of the respective

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Second Amended Plans (as defined below).

bankruptcy estates of the FF Fund Debtor and the F5 Debtor was transferred to the FF Fund Liquidating Trust and the F5 Liquidating Trust respectively (collectively, the "Liquidating Trusts"), and (ii) the Trustee was appointed as the liquidating trustee for each of the Liquidating Trusts, which the sole authority, among other things, to sell, liquidate, monetize, transfer and/or assign any and all such assets.

## II.  ADVERSARY PROCEEDINGS

6.  To implement and effectuate his mandate under the confirmed Second Amended Plans and Liquidating Trusts, among other things, the Liquidating Trustee filed on January 24, 2022, the instant adversary proceeding, together with the three (3) other adversary proceedings seeking the recovery of certain asserted avoidable transfers as follows:

- On January 24, 2022, the Liquidating Trustee filed an adversary proceeding (Adv. Case No. 22-01016-LMI) against *Blue Devil 83, LLC* seeking the recovery of certain asserted avoidable transfers (the "Blue Devil Adversary").  On February 7, 2024, the Liquidating Trustee and Blue Devil agreed to dismiss such adversary proceeding and filed a *Joint Notice of Stipulated Dismissal* [ECF No. 40 in Adv. Case No. 22-01016-LMI].

- On January 24, 2022, the Liquidating Trustee filed an adversary proceeding (Adv. Case No. 22-01018-LMI) against Kloe Korby seeking the recovery of certain asserted avoidable transfers (the "Korby Adversary").  On January 31, 2024, the Liquidating Trustee filed a voluntary *Notice of Dismissal* of such adversary proceeding [ECF No. 8 in Adv. Case No. 22-01018-LMI].

- On January 16, 2023, the Liquidating Trustee filed an adversary proceeding (Adv. Case No. 23-01008-LMI) against Dimension Capital Management seeking the recovery of certain avoidance transfers (the "Dimension Adversary").  On January 20, 2023, the Liquidating Trustee and Dimension resolved the adversary and filed a *Notice of Stipulated Dismissal* [ECF No. 4 in Adv. Case No. 22-01008-LMI].

- On January 24, 2022, the Liquidating Trustee commenced this adversary proceeding (Adv. Case No. 22-01017-LMI) against each of F1 General Trading Partners, L.P., F3 Real Estate Partners, LLC, F7 Group Operating Partners, LLC, FF Fund Management, LLC, FF Trading Management, LLC, FF Reserve Account, LLC, Andrew T. Franzone, LLC (the "Franzone Defendants") seeking the recovery of certain avoidance transfers.

(collectively, the "Adversary Cases").

3

7. After the filing of the above Adversary Cases, the Liquidating Trustee was successful in monetizing one of the investments held by FF Fund in Coreweave, Inc. ("Coreweave"). After substantial amount of work in evaluating the Coreweave investment and the various methods and means of monetizing such investment, on November 14, 2023, the Liquidating Trustee filed a sealed motion with the Court for authority to accept a tender offer for the Coreweave Investment [ECF No. 629, the "Motion for Authority"]. Due to confidentiality obligations, the Liquidating Trustee requested and the Court entered orders authorizing the Motion for Authority and related pleadings to be filed under seal, and the hearing thereon to be conducted under seal. *See* ECF Nos. 624, 626, 627, 628 and 630. Based on the Motion for Authority and the proffer of the Liquidating Trustee's testimony regarding his business decision at the hearing thereon, the Court granted the Motion for Authority and entered an order authorizing the Liquidating Trustee to participate in the Coreweave tender offer [ECF No. 633, the "Approval Order"]. The Coreweave tender offer was oversubscribed and as a result the Trustee was only able to monetize a portion of the FF Fund Liquidating Trust's investment in Coreweave for an amount equal to $55,526,033.24.

8. The Liquidating Trustee is in possession of such funds, which are invested, and has obtained a bond thereon for the benefit of the Liquidating Trusts. The FF Fund Liquidating Trust also continues to own the remaining portion of the Coreweave Investment, which the Trustee believes has substantial additional value.

9. In addition to managing and monetizing the Coreweave investments, the Liquidating Trustee reached settlements with certain third parties based on claims and causes of action asserted by the Liquidating Trustee resulting in the payment of additional monies to the estates and release of claims.

10. After the Coreweave transaction was consummated, the Liquidating Trustee proceeded to dismiss the Blue Devil Adversary and the Korby Adversary (having previously settled and dismissed the Dimension Adversary). The Liquidating Trustee has also indicated a willingness to dismiss this adversary proceeding in exchange for an agreement that both sides would be responsible for their own fees and costs. This proposal was communicated to the Franzone Defendants' counsel, Dana L. Kaplan, prior to her withdrawal as counsel of record for Defendants,[2] but the offer was declined. Thereafter, on March 26, 2024, John Anthony, Esq. filed a *Notice of Appearance* in the case as counsel to the Franzone Defendants. The Liquidating Trustee extended, through counsel, the same offer to dismiss the adversary case to Mr. Anthony and the same was declined. On May 13, 2024, Mr. Anthony moved to withdraw as counsel for the Franzone Defendants [ECF No. 88], which Motion was granted at the hearing on June 5, 2024, at 9:30 a.m.

11. On June 22, 2024, a *Notice of Appearance* was filed by George J. Vila, Esq as attorney for Defendant, FF Fund Management, LLC [ECF No. 90]. Once again, the Liquidating Trustee, through counsel, extended an offer to dismiss the adversary case and the same was declined.

12. On June 24, 2024, more than two years following the filing of the original *Answer and Affirmative Defenses to Plaintiff's Adversary Complaint* [ECF No. 10] (the "Answer"), Mr. Vila, as counsel to FF Fund Management, LLC, filed a *Motion for Leave to File Amended Answers, Affirmative Defenses and Counterclaims* [ECF No. 91 in Adv. Case No. 22-01017-LMI] (the "Motion to Amend") seeking leave to amend its answer and affirmative defenses, and present its

---

[2] On February 22, 2024, attorney Dana L. Kaplan, filed a *Motion to Withdraw as Attorney of Record for Defendants filed by attorney Dana L. Kaplan* on February 22, 2024 [ECF No. 79] which Motion was granted on March 11, 2024 [ECF No. 84].

5

counterclaims against Plaintiff (the "Proposed Counterclaims") to Plaintiff's Adversary Complaint [ECF No. 91-1] (the "Proposed Amendment"). Contemporaneously hereunder, the Liquidating Trustee is filing his opposition to the Motion to Amend, including because the Liquidating Trustee has indicated a willingness to dismiss this adversary proceeding and because the proposed counterclaims described therein are meritless and sanctionable as described in more detail in the *Liquidating Trustee's Response In Opposition to Defendant FF Fund Management's Motion to Amend* ("Trustee Response") filed contemporaneously herewith.

### III.     ARGUMENT

13.     *Fed.R.Civ.P. 41(a)(2)*, incorporated by *Fed.R.Bankr.P. 7041,* provides, in pertinent part, that "an action shall not be dismissed at the *plaintiff*'s instance, save upon order of the court, and upon such terms and conditions as the court deems proper." The Rule provides the Court broad equitable discretion to "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *E.g.*, *Pontenberg v. Boston Scientific Corp.,* 252 F.3d 1253, 1255-56 (11th Cir. 2001). "The Court must "weigh the relevant equities and do justice between the parties" when "exercising its broad equitable discretion under Rule 41(a)(2)." *Id.* at 1256. The "crucial question" is whether the non-moving party would "lose any substantial right by the dismissal." *Id.* at 1255 (citation and quotations omitted). *See, Four Seasons Trucking, Inc. v. Crawford (In re Crawford)*, 2018 Bankr. LEXIS 2924 (Bankr. N.D. Ga 2018). If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. *See, Novak v. Sherman ( In re Reilly)* 265 B.R. 197, 205 ( U.S. Dist. Conn. 2001).

14. Under the Second Amended Plans, the Liquidating Trustee has a duty to maximize the value of the estate for the benefit of creditors and equity holders, and to avoid unnecessary costs and expenses. The dismissal of this adversary proceeding aligns with the Liquidating Trustee's duties under the Second Amended Plans, the Liquidating Trusts and the Bankruptcy Code, as it will prevent unnecessary litigation costs and expedite the proposed distribution holders of allowed claims and interim distribution to limited partners. As there is no legal requirement to pursue avoidance actions if the creditors' claims are fully satisfied, the Liquidating Trustee is fulfilling his duty to maximize the estate for the benefit of creditors and limited partners by seeking dismissal. Avoiding these actions when creditors are fully paid helps streamline the liquidation process.

15. Although dismissal under Fed. R. Civ. P. 41(a)(2) is generally sought without prejudice, in this case the Liquidating Trustee is requesting dismissal with prejudice to provide the Franzone Defendants assurances that they will not face the prospect of another lawsuit related to the transfers in question. As such, the Court does not have to determine whether dismissal under Rule 41(a)(2) would be prejudicial to the defendants. The question, then, is whether Franzone Defendants will lose any substantive rights if the Court dismisses the complaint.

16. This adversary case was originally filed on January 24, 2022. On March 1, 2023, certain of the Franzone Defendants, FF Fund Management and Andrew T. Franzone, LLC, filed the Answer without asserting any counterclaims. Following the filing of various motions for the withdrawal of reference and stay of adversary proceeding, the Court issued on August 23, 2022, the *Order Granting in Part Defendants' Motion for Stay of Adversary Proceeding* [ECF No. 30]("Stay Order"). This Stay Order suspended the adversary proceedings for 180 days to allow for a resolution in the Southern District of New York concerning Mr. Franzone's criminal action.

Shortly after entry of the Stay Order, the first of several attorneys for the Franzone Defendants withdrew as counsel. No other substantive pleadings were filed by the Defendants until the recent filing of the Motion to Amend which introduces, for the first time in over two years, frivolous counterclaims against the Trustee and FF Fund Liquidating Trust.

17.    Since the commencement of the Adversary Cases, the Liquidating Trustee has diligently administered the estates and determined that additional asset recovery is no longer necessary to ensure a 100% payout to creditors as provided in the Second Amended Plans. The Liquidating Trustee has closed the Coreweave Transaction, which will result in a distribution to beneficiaries of the Liquidating Trust. Consequently, all pre-petition creditors will be paid in full, and all limited partners will receive a multiple of their investments. Sufficient funds are on hand to pay all allowed claims in full, negating the need for further asset recovery efforts by the Liquidating Trustee related to the pursuit of litigation claims. Therefore, dismissal of this adversary proceeding is appropriate to facilitate the Liquidating Trustee's completion of the estates' administration so that creditors and limited partners may be paid without incurring additional fees and costs.

18.    The Liquidating Trustee contends that FF Fund Management will not be lose any substantive rights if the Court dismisses this Adversary Case. The counterclaims that FF Fund Management purports to assert against the Liquidating Trust and the Liquidating Trustee in the Motion to Amend lack merit, as detailed in the Trustee's Response. Specifically, the Liquidating Trustee argues that the Defendant, FF Fund Management, seeks to assert baseless claims against the Liquidating Trust and the Liquidating Trustee. The claims are futile, inconsistent with the language of the Second Amended Plans, the Confirmation Order and the Liquidating Trust Agreement, and fail as a matter of law. Additionally, the single claim against the Liquidating

Trustee for breach of fiduciary duty is futile and fails because the Liquidating Trustee has quasi-judicial immunity. Therefore, the Motion to Amend should be denied. If the Court agrees with the Liquidating Trustee's reasoning in the Trustee's Response, and the Motion to Amend is denied, then FF Fund Management would have no counterclaims to be considered under Rule 41(a)(2). Accordingly, FF Fund Management will not lose any substantive rights if the Court dismisses this adversary case.

19. Based on, and in accordance with, the foregoing, the Liquidating Trustee requests that the Court grant this Motion and dismiss this adversary proceeding with prejudice, and require that each party bear its own costs and attorneys' fees in connection with this adversary proceeding as part of such dismissal.

**WHEREFORE**, the Liquidating Trustee respectfully requests that this Court enter an order (i) granting this Motion and dismiss this adversary proceeding with prejudice; (ii) order that each party shall bear their own costs and attorneys' fees incurred in connection with this adversary proceeding; and (ii) grant such other and further relief as is just and proper.

DATED: July 15, 2024.

**VENABLE LLP**
*Attorneys for Soneet R. Kapila, Liquidating Trustee of the FF Fund Liquidating Trust*
100 Southeast Second Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310

By: /s/*Paul J. Battista*
Paul J. Battista, Esq.
Florida Bar No. 884162
pjbattista@venable.com
Eric D. Jacobs, Esq.
Florida Bar No. 85992
ejacobs@venable.com
Mariaelena Gayo-Guitian, Esq.
Florida Bar No. 0813818

CASE NO.:22-01017-LMI

mguitian@venable.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on July 15, 2024, a true and correct copy of the foregoing document was furnished via electronic mail by virtue of the Court's CM/ECF System to all parties in interest who have elected to receive notice in this case.

By:      /s/ *Paul J. Battista, Esq.*
              Paul J. Battista, Esq.